People v Davis (2019 NY Slip Op 07754)





People v Davis


2019 NY Slip Op 07754


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9939 4261/14

[*1]The People of the State of New York, Respondent,
v
Oliver Davis, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Stephen Chu of counsel), and Cleary Gottlieb Steen & Hamilton LLP, New York (Georgia V. Kostopoulos of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered May 4, 2016, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of time served and three years' probation, unanimously affirmed.
Defendant was charged with attempted assault in the first degree and assault in the second degree, based on an incident during which he stabbed a man in a building where they both resided. Defendant asked the court to give a justification charge on the use of deadly force both in defense of a person and to prevent a burglary or attempted burglary. Defendant also asked the court, pursuant to People v Velez (131 AD3d 129 [1st Dept 2015]) and its progeny, to charge that, if the jury acquitted him of the higher count of attempted first degree assault based on justification, then it should not continue with deliberations on the lower count of second-degree assault.
The court charged the jury on the defense of justification to prevent a burglary, but declined to give a justification charge based on defense of a person. The court also told the jury that if they find defendant not guilty of either count in the indictment by reason of justification, they must also find defendant not guilty of the other count as well "because justification is a complete defense to both counts of the indictment." Finally, the court instructed the jury on the elements of each crime, with the third element of both being "that the defendant was not justified." During deliberations, the jury asked the court for reinstruction on the elements of the charged crimes. In a supplemental charge, the trial court reread the elements of each offense, with both including the element "that the defendant was not justified." The jury returned a verdict finding defendant not guilty of attempted assault in the first degree, but guilty of assault in the second degree.
On appeal, defendant contends that the court's initial and supplemental charges did not comply with Velez, and that the verdict sheet erroneously omitted the issue of justification. These claims are unpreserved. During a colloquy on the Velez issue, the court showed defense counsel a copy of its proposed charge, and defense counsel expressly agreed that it "satisfies Velez." Further, defense counsel made no objection to the charge as given. As to the supplemental charge, defense counsel never asked the court to repeat its Velez instruction, and did not object to its absence after the charge was given. Likewise, defendant made no objections to the verdict sheet. Under the circumstances, we decline to exercise our interest of justice jurisdiction to review these unpreserved claims.
The court properly declined to instruct the jury on the use of deadly force in defense of a person. No reasonable view of the evidence supports the conclusion that defendant reasonably believed that the victim was using or about to use deadly physical force against him (see People v Weir, 14 AD3d 447, 448 [1st Dept 2005], lv denied 4 NY3d 836 [2005]). The evidence, when viewed in a light most favorable to defendant, showed that the victim used, at most, ordinary [*2]physical force, and not deadly physical force.
Finally, there is no merit to defendant's claim that certain comments made during the prosecutor's summation warrant reversal. "The remarks at issue generally constituted permissible comment on the evidence, including reasonable inferences to be drawn therefrom, and where the summation arguably went beyond the evidence, this was not so egregious as to deprive defendant of a fair trial" (People v Kurita, 172 AD3d 503, 503 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK